**MEMO ENDORSED**

**EPSTEIN BECKER GREEN**

Attorneys at Law

Traycee Ellen Klein
t  212.351.4812
f  212.878.8612
TKlein@ebglaw.com

Plaintiff is ORDERED to file a respose to Defendants' request by no later than May 29, 2025.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: May 27, 2025
　　　　New York, New York

May 23, 2025

<u>VIA ECF</u>

The Honorable Jessica G.L. Clarke
United States District Judge,
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

    Re:    Paula Dinu v. Northwell Health, Inc. Phelps Memorial Hospital Association, Michael J. Dowling, Eileen Egan, Tracy Feiertag, Michael Glennon, Carolyn Bassinas
**25 Civ. 3281 (JGLC)**

Dear Judge Clarke:

    I hope this letter finds you well. We represent Northwell Health, Inc. ("Northwell"), Phelps Memorial Hospital Association ("Phelps), Michael J. Dowling, Eileen Egan, Tracy Feiertag, Michael Glennon, and Carolyn Bossinas, improperly identified in the above referenced matter as "Carolyn Bassinas." Over the last approximate three years, Plaintiff Paula Dinu, a former employee of Phelps, has commenced multiple litigations against Northwell Health, Phelps, Mr. Dowling, Ms. Egan, Ms. Feiretag, Mr. Glennon and Ms. Bossinas. In all of the litigations, Ms. Dinu has been and is represented by Michael Diederich, her attorney in the above referenced matter. As of today's date, there has only been service on two of the seven named defendants (Northwell and Ms. Bossinas). Northwell and Ms. Bossinas were served on May 8, 2025. In order to conserve resources and time, and to promote judicial economy, we respectfully request that the time for Northwell and Bossinas to respond be stayed pending service on the other defendants. The stay will avoid piecemeal litigation, avoid, in whole or in part, duplicative motions and pleadings, will avoid there being different potential discovery schedules for different defendants, and the stay pending service on all of the defendants will streamline the litigation, and overall will avoid wasted resources and time.

In further trying to conserve resources and time, on May 21, 2025, I wrote to Plaintiff's counsel, and requested that Plaintiff Amend her Complaint to consolidate two separate lawsuits that she recently filed in Westchester County. Specifically, I sent Mr. Diederich an email stating the following:

> Michael:
>
> We write in connection with the above referenced matter, which we understand has been filed in the Southern District of New York (hereinafter referred to as "the Federal Action"). We also understand that in connection with the Federal Action that as of today's date service has not occurred on some or all of the named defendants. As you know, separate from the Federal Action, you have commenced multiple proceedings against the same named defendants (Northwell Health, Phelps Memorial Hospital Association, Michael Dowling, Eileen Egan, Tracy Feiertag, Michael Glennon, and Carolyn Bossinas). These entities and individuals have been named in or more of the following actions that you have commenced on behalf of Ms. Dinu: Index No. 2025-55525 in Westchester County Supreme Court, Index No. 2025-55604 in Westchester County Supreme Court, Index No. 2022-52531 in Dutchess County Supreme Court, and Index No. 2023-50184 in Dutchess County Supreme Court. As relevant to this email, it is important to note that the Federal Action, and the two state court actions currently pending in Westchester County Supreme Court (Index Nos. 2025-55525 and 2025-55604) (hereinafter referred to as "the Three Actions") are all at the same procedural stages, with service not having yet occurred on some or all the defendants, no appearances yet required, etc. The Three Actions are all in their infancy, the Three Actions seek money damages, the Three Actions involve and arise out of common facts (Plaintiff Paula Dinu's alleged or actual employment with Northwell Health and/or Phelps Memorial Hospital Association), and arise out of the same operative facts. In order to avoid piecemeal litigation, duplicative discovery, wasting of resources and time, we believe the Three Actions should be consolidated into one, the Federal Action. We propose that Plaintiff file an amended complaint in the Federal Action, adding the causes of actions alleged in Index Nos. 2025-55525 and 2025-55604 into the Federal Action and that the two Westchester matters be discontinued.
>
> Please advise by close of business tomorrow as to whether you agree that the Three Actions should be consolidated, in order to save legal fees and time and unnecessary burden on the parties and the courts. Consolidation will not only reduce the legal costs incurred by all parties to litigation by

streamlining, it will allow all of the legal issues between the parties to come to a conclusion significantly faster and will be much more efficient.

Thanks. Traycee

A copy of the email sent to Mr. Diederich is attached.

Mr. Diederich has not responded. If the Court is not inclined to stay the matter pending service of process on the defendants not yet served, then we respectfully request that the time for Northwell and Ms. Bossinas to respond be extended until, at the earliest, June 30, 2025. Aside from wanting to conserve resources and time, and wanting to avoid duplicative motions, pleadings, and piecemeal litigation, by having all of the defendants on the same schedule, filing some or all joint papers, etc., we are also waiting to receive information from the EEOC that is critical to assess the viability, or lack thereof, pertaining to some or all of Plaintiff's claims.

For all of the foregoing reasons, to conserve resources and time, and to minimize burden on the Court and counsel, it is respectfully requested that the Court stay the time for defendants Northwell and Bossinas to respond to Plaintiff's Complaint until all of the defendants are served. To further conserve resources and time, it is also requested that Plaintiff be ordered to apprise the Court if she is willing to consolidate the two state court actions currently pending in Westchester County Supreme Court (Index Nos. 2025-55525 and 2025-55604) with the action pending in front of Your Honor.

Respectfully submitted,

Epstein Becker & Green, P.C.

*Traycee Ellen Klein*
_____

By: Traycee Ellen Klein

Attachment

**Traycee Ellen Klein**

| | |
|---|---|
| **From:** | Traycee Ellen Klein |
| **Sent:** | Wednesday, May 21, 2025 8:22 PM |
| **To:** | mike@diederichlaw.com |
| **Cc:** | Sierra N. Hennessy |
| **Subject:** | Paula Dinu v. Northwell Health, et al: Federal Action 25 Civ 3281 (JGLC) and Two Westchester County Supreme Court Actions Index Nos. 2025-55525 and 2025-55604 |

Michael:

We write in connection with the above referenced matter, which we understand has been filed in the Southern District of New York (hereinafter referred to as "the Federal Action"). We also understand that in connection with the Federal Action that as of today's date service has not occurred on some or all of the named defendants. As you know, separate from the Federal Action, you have commenced multiple proceedings against the same named defendants (Northwell Health, Phelps Memorial Hospital Association, Michael Dowling, Eileen Egan, Tracy Feiertag, Michael Glennon, and Carolyn Bossinas). These entities and individuals have been named in or more of the following actions that you have commenced on behalf of Ms. Dinu: Index No. 2025-55525 in Westchester County Supreme Court, Index No. 2025-55604 in Westchester County Supreme Court, Index No. 2022-52531 in Dutchess County Supreme Court, and Index No. 2023-50184 in Dutchess County Supreme Court. As relevant to this email, it is important to note that the Federal Action, and the two state court actions currently pending in Westchester County Supreme Court (Index Nos. 2025-55525 and 2025-55604) (hereinafter referred to as "the Three Actions") are all at the same procedural stages, with service not having yet occurred on some or all the defendants, no appearances yet required, etc. The Three Actions are all in their infancy, the Three Actions seek money damages, the Three Actions involve and arise out of common facts (Plaintiff Paula Dinu's alleged or actual employment with Northwell Health and/or Phelps Memorial Hospital Association), and arise out of the same operative facts. In order to avoid piecemeal litigation, duplicative discovery, wasting of resources and time, we believe the Three Actions should be consolidated into one, the Federal Action. We propose that Plaintiff file an amended complaint in the Federal Action, adding the causes of actions alleged in Index Nos. 2025-55525 and 2025-55604 into the Federal Action and that the two Westchester matters be discontinued.

Please advise by close of business tomorrow as to whether you agree that the Three Actions should be consolidated, in order to save legal fees and time and unnecessary burden on the parties and the courts. Consolidation will not only reduce the legal costs incurred by all parties to litigation by streamlining, it will allow all of the legal issues between the parties to come to a conclusion significantly faster and will be much more efficient.

Thanks. Traycee