

**EPSTEIN
BECKER
GREEN**

Attorneys at Law

Traycee Ellen Klein
t  212.351.4812
f  212.878.8612
TKlein@ebglaw.com

> The parties' applications to adjourn the IPTC *sine die* and stay discovery until after the motion to dismiss is resolved are GRANTED. IT IS HEREBY ORDERED that the conference in this matter, previously scheduled for August 5, 2025 at 2:30 p.m., is CANCELED.
>
> Plaintiff's counsel's actions as described in ECF No. 39 and as reflected in ECF No. 37 demonstrate a disregard for the Court's rules and the Federal Rules of Civil Procedure. Counsel is warned that further violations may result in sanctions.
>
> The Clerk of Court is respectfully directed to terminate ECF Nos. 38 and 39.

July 29, 2025

VIA ECF

The Honorable Jessica G.L. Clarke
United States District Judge,
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

> SO ORDERED.
>
> */s/ Jessica Clarke*
>
> JESSICA G. L. CLARKE
> United States District Judge
>
> Dated: July 30, 2025
> New York, New York

Re:  Paula Dinu v. Northwell Health, Inc. Phelps Memorial Hospital Association, Michael J. Dowling, Eileen Egan, Tracy Feiertag, Michael Glennon, Carolyn Bassinas  **25 Civ. 3281 (JGLC)**

Dear Judge Clarke:

I write in connection with the letter motion filed by Dinu's counsel at ECF 38, as well as in connection with ECF 3, which is your Honor's Notice of Initial Pretrial Conference, and the parties obligations to meet and confer, submit a joint letter, as described in ECF 3, and a proposed Civil Case Management Plan and Scheduling Order.

While it is typically deemed a Plaintiff's obligation to prosecute a case, after I did not receive a copy of ECF 3 and I did not hear anything from Dinu's counsel about conferring as required by ECF 3 and the Federal Rules, I wrote to Dinu's counsel on July 19, writing, in substantive part:

> **Subject:** 25-CV-03281(JGLC) Dinu v. Northwell Health, et al.
>
> Mike – As you know there is currently an Initial Conference set for 8/5/2025 at 02:30 PM before Judge Jessica G. L. Clarke in connection with the above reference matter. Judge Clark's Individual Rules require a joint letter as well as a joint proposed Civil Case Management Plan and Scheduling Order be submitted a week before the conference, and the parties are required to meet and confer as required by FRCP 26(f). Please advise of your availability for a meet and confer on either Tuesday, July 22, or Wednesday, July 23. Also advise when you will be sending a proposed draft of the joint letter, or how you want to handle this. Regards, Traycee

The Honorable Jessica G.L. Clarke
July 29, 2025
Page 2

Mr. Diederich did not respond to my email, and he did not send any proposed joint submissions.

Again, knowing that the parties are obligated to meet and confer, and knowing this Court's requirements, after not hearing from Mr. Diederich, I again wrote to Mr. Diederich, this evening at 7:24 pm, writing in substantive part:

**Subject:** RE: 25-CV-03281(JGLC) Dinu v. Northwell Health, et al.

Mike – After writing the below [the July 19 email], you failed to respond to me. Not only did you not respond to my email, you also did not advise when you would be sending a proposed draft of the joint letter and you did not advise how you want to handle the required filings. Per the Judge's Order, the joint items must be filed today – yet there has still been no meeting or any drafts circulated by you.

In light of the above, and the fact that you requested that the August 5 initial conference be adjourned and the fact that we believe the Complaint must be dismissed as a matter of law, I propose that the parties jointly request of Judge Clarke that the joint letter, the proposed scheduling order, and the initial conference all be held in abeyance pending a decision as to whether this case can legally go forward. Please advise immediately if you agree and, if not, advise why as is required by Judge Clarke's rules. Thanks. Traycee

Mr. Diederich promptly responded, writing: Ms. Klein- I agree that we ask Judge Clarke to adjourn the initial conference until after your motion to dismiss is decided. Mike D

Within minutes of receiving the above, I wrote to Mr. Diederich:

Mike – It is not only about adjourning the conference, it is about totally failing to comply with her order (and the federal rule requirement) of meeting and conferring, drafting a joint letter, and submitting a proposed schedule. How do you propose handling this?

After not hearing from Mr. Diederich for almost 2 hours, at 9:37 pm I wrote him again – "Please advise immediately if you are writing to Judge Clarke about not submitting the required filings tonight. Thanks." Mr. Diederich wrote back a proposed letter for my consent, which in siubstance was " Dear Judge Clarke: The parties mutually request that the Court conference previously scheduled for August 5th be adjourned, pending the Court's decision on Defendant's Motion to Dismiss. The Court's consideration is appreciated."

In response to the foregoing, I told Mr. Diederich that his proposed letter did not address Your Honor's prior Order (ECF 3). It also did not include the requirements of Your Honor's Individual Rules. Accordingly, I wrote a proposed communication for Mr. Diederich to submit to

The Honorable Jessica G.L. Clarke
July 29, 2025
Page 3

the Court, which stated:

> Dear Judge Clarke:
>
> Counsel for the parties have not met and conferred as of today to discuss a proposed Civil Case Management Plan and Scheduling Order. As you are aware, (1) Defendants filed a motion to dismiss, which if granted would result in dismissal of the entirety of the action, and (2) I previously requested that the August 5, 2025, initial pretrial conference, currently scheduled for 2:30 pm, be adjourned.
>
> Pending the Court's decision on Defendants' Motion to Dismiss, Plaintiff requests that the parties filing of a joint letter and proposed Civil Case Management Plan and Scheduling Order be held in abeyance. This is the first request for an extension or adjournment of these items, and Defense counsel, Ms. Klein, consents to the adjournment. This adjournment will conserve resources and time.
>
> The Court's consideration is appreciated. Respectfully submitted,

Inexplicably, Mr. Diederich ignored the foregoing and instead filed ECF 38, which so far as I can tell does not comply with or address the submissions required by ECF 3 and it does not comply with the Court's Individual Rules. Thus the need for this letter.

Pending the Court's decision on Defendants' Motion to Dismiss, Defendants respectfully request that the parties obligations to (i) meet and confer, and (ii) file a joint letter and proposed Civil Case Management Plan and Scheduling Order, be held in abeyance, and that the August 5 conference scheduled for 2:30 pm be adjourned. This is the first request for an extension or adjournment of these items, and this adjournment will conserve resources and time and will hopefully relieve any additional burden on the Court.

I apologize that my adversary's communication utterly ignored ECF 3, and the required submissions, and that his submission was so glaringly deficient that I felt compelled to have to write the Court this detailed explanation.

Respectfully,

*Traycee Ellen Klein*